UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

CLINBERTHA HERCULES AND ANCIL JOHN,

Plaintiffs,

-against-

THE CITY OF NEW YORK, DEPUTY INSPECTOR
FRANK VEGA, POLICE OFFICER PAUL PARKINSON,
POLICE OFFICER WILLIAM GAVIGAN, POLICE
OFFICER HERVE FRANCOIS, POLICE OFFICER
FRANK BULZONI, JOHN DOES #1-3,

Defendants.

------------------------------------------------------------------- x

*(stamp: FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ JUN 18 2009 ★ BROOKLYN OFFICE)*

**COMPLAINT AND
JURY DEMAND**

**ΛITALIANO, J.**

ECF CASE

**GOLD, M.J.**

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claim arises from an October 27, 2007, incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, false arrest and false imprisonment.

3.    Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiffs' state law claims are asserted.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7.    Plaintiffs are citizens of the United States and at all times here relevant resided in Kings County, City and State of New York.

8.    The City of New York is a municipal corporation organized under the laws of the State of New York.

9.    Commanding Officer deputy Inspector Vega was at all times here relevant the commanding officer of the 71st Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants.  Vega is sued in his individual and official capacities.

10.   All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

11.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12.   On October 27, 2007, plaintiffs were inside a Beauty Salon at 663 Flatbush Avenue, Brooklyn, NY.  Defendant officer Parkinson entered the store without reason and began requesting information from both patrons and workers inside.  Officer Parkinson approached

plaintiff Hercules and demanded her identification and license. Without allowing her the opportunity to retrieve this information, Parkinson began touching, pushing and otherwise placing his hands on plaintiff Hercules. The other defendant officers also assaulted plaintiff Hercules who was eventually placed under arrest, searched and transported to the 71st precinct. She was processed through the system and released the following day from Brooklyn Criminal Court. Upon her release, plaintiff sought medical treatment for the injuries sustained. Plaintiff was falsely arrested, unlawfully imprisoned, and subjected to excessive force.

13.   On October 27, 2007, plaintiff John was a patron inside the salon at 663 Flatbush Ave., Brooklyn, NY. Plaintiff John was assaulted and battered by the defendant officers when she attempted to inquire about plaintiff Hercules' arrest. Plaintiff John was arrested and transported to the 71st precinct and was released the following day from Brooklyn Criminal Court. Upon her release, plaintiff sought medical treatment for the injuries she sustained. Plaintiff John was falsely arrested, unlawfully imprisoned and subjected to excessive force.

14.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiffs.

15.   During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

16.   As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

a.    Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the

3

United States Constitution to be free from an unreasonable search and seizure of their person;

b.    Violation of their right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c.    Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.    Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e.    Physical pain and suffering;

f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

g.    Loss of liberty; and

h.    Economic loss.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

17.    The above paragraphs are here incorporated by reference.

18.    Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiffs under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

19.    Plaintiffs have been damaged as a result of defendants' wrongful acts.

4

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

20.    The above paragraphs are here incorporated by reference.

21.    The City and Vega are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants.

22.    The City and Vega knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

23.    The aforesaid event was not an isolated incident.  The City and Vega have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid excessive use of force and how to recognize the appropriate prerequisites for an arrest.  The City and Vega are further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal.  The City and Vega fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies.  Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct.  Without this notification, improper seizure practices and incredible testimony go uncorrected.  Additionally, the City and Vega have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.  The City and Vega are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City and Vega have failed to take corrective action.  This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

24. The City and Vega have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

25. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City and Vega to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

26. Defendants the City and Vega have damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

27. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the City and Vega.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.     In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

B.     Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C.     Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:     Brooklyn, New York
           June 17, 2009

TO:     New York City
        Corporation Counsel Office
        100 Church Street, 4th floor
        New York, NY  10007

        Deputy Inspector Frank Vega
        Officer Paul Parkinson #10589
        Officer Herve Francois
        Officer Frank Bulzoni
        71st Precinct
        421 Empire Blvd.
        Brooklyn, NY 11225

        Officer Gavigan #23287
        Patrol Bureau Brooklyn South Task Force
        2820 Snyder Avenue
        Brooklyn NY 11226

Yours, etc.,

Stoll, Glickman & Bellina, LLP
By: NICOLE BELLINA, ESQ.
Bar #NB7154
Attorney for Plaintiffs
71 Nevins Street
Brooklyn, NY  11217
(718) 852-4491
nicole_bellina@yahoo.com